UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CODY BARNES,

          Plaintiff,

      v.

SELENA SCOLA,

          Defendant.

Case No.  25-cv-10837-RS

**ORDER GRANTING EX PARTE MOTION TO PERMIT ALTERNATIVE SERVICE ON DEFENDANT SELENA SCOLA**

## I. INTRODUCTION

Plaintiff moves to allow alternative service of process. In light of Plaintiff's reasonable diligence in attempting to serve Defendant through standard service processes, Defendant's likely awareness of the suit, and Defendant's ties to the email and residential addresses which Plaintiff seeks to use for alternative service, Plaintiff's request comports with alternative service as permitted under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure Section 413.30. Accordingly, the motion is granted as set forth below.

## II. BACKGROUND

Plaintiff Cody Barnes, a professional drag performer and entertainer known as Lexi Love, filed this action against Defendant Selena Scola ("Scola") on December 19, 2025, seeking declaratory judgment of invalidity of Defendant's U.S. Trademark Reg. No. 7,727,806 for the LEXI LOVE mark and seeking damages caused by Scola's own trademark infringement, unfair competition, and interference with Plaintiff's business relations and prospective economic advantage. Since Plaintiff's fame has grown with her participation in Season 17 of the popular

show *RuPaul's Drage Race* in January 2025, Defendant has claimed exclusive rights to the "Lexi Love" name, demanded that affiliated third parties remove Plaintiff from their platforms, and filed takedown requests against Plaintiff and other third parties promoting Plaintiff's performances, appearances, and merchandise.

On February 10, 2024, Defendant filed to register the LEXI LOVE mark with the U.S. Patent and Trademark Office ("USPTO"). It was registered on March 18, 2025. In her application, Defendant provided byimagination@gmail.com as her email address and 320 Alabama St, Unit 16, San Francisco, CA 94110 as her address. On her takedown requests, Defendant has provided lexi@lexilove.com as her email address.

After filing this suit, Plaintiff's process server attempted to serve the necessary documents a total of six times at the residential address provided by Scola to the USPTO. Plaintiff now moves for permission to serve Defendant by email and by USPS Certified Mail to her residential address.

### III. LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service may be effectuated. Rule 4(e)(1) permits service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides. Under California law, service may be effectuated by personal delivery to the party, delivery to someone else at the party's usual residence or place of business with mailing after, service by mail with acknowledgment of receipt, service on persons outside the state by certified or registered mail with a return receipt requested, and substituted service by publication if the party to be served cannot "with reasonable diligence" be served in another approved manner. Cal. Code Civ. Proc. §§ 415.10-50. Section 413.30 provides another option: "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." *Id.* § 413.30.

United States District Court
Northern District of California

United States District Court
Northern District of California

Alternative methods of service like email "must also comport with constitutional norms of due process." *Rio Properties, Inc. v. Rio In'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated… to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts in the Ninth Circuit have interpreted "*Rio Properties* to permit email service for defendants within the United States pursuant to California Law… 'where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service.' " *Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP (SSX), 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (collecting cases[1])). In sum, email service is permitted when plaintiff demonstrates reasonable diligence in attempts to serve the defendant and service by email is reasonably calculated to give actual notice to the defendant.

## IV. DISCUSSION[2]

Plaintiff's process server attempted to serve the necessary documents at the residential address provided by Defendant to the USPTO a total of six times, at various times of day, between December 23, 2025 and January 8, 2026. By January 6, 2026, Defendant's name had been removed from the intercom, and the process server was denied access to the building for his remaining attempts. Plaintiff's counsel was unable to find an updated address for the Defendant despite checking public records databases, court filings, property records, company records, and Defendant's social media and other webpages. In fact, these searches verified the address

---

[1] *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011)*; Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May, 9, 2014); *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013).

[2] Plaintiff's motion, and description of the attempts to serve Defendant therein, are supported sufficiently by declaration and evidentiary exhibits. *See* Dkt 12-1.

ORDER GRANTING EX PARTE MOTION
CASE NO. 25-cv-10837-RS

United States District Court
Northern District of California

Plaintiff's server used when attempting to reach Scola. These efforts reflect the requisite "reasonable diligence" for service under Section 413.30. Cal. Code Civ. Proc. §§ 415.30. *See Rio Properties, Inc.*, 284 F.3d 1007, 1016-17 (9th Cir. 2002); *Gnathonic*, 2019 WL 13166751, at \*2 (collecting cases where evidence of evasion weighed in favor of substitute service by email); *Bein v. Bechtel-Jochim*, 6 Cal. App. 4th 1387, 1392 (1992) (Generally, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made," especially where the process sever was denied access to the defendant's home by the gate guard.).

Service by email using at byimagination@gmail.com and lexi@lexilove.com and by USPS Certified mail at 320 Alabama St, Unit 16, San Francisco, California 94110 is "reasonably calculated" to give Defendant actual notice. *See Rio Properties, Inc.*, 284 F.3d 1007, 1016-17 (9th Cir. 2002). Defendant provided the residential address and the byimagination@gmail.com email address to the USPTO when registering the LEXI LOVE mark in 2024 and 2025. In August 2025, Defendant provided the lexi@lexilove.com address in various takedown requests filed since August 2025 with large social media platforms. Moreover, since Defendant posted screenshots of the Complaint on X.com, Defendant is aware of the suit and thus likely aware that service has been or will be attempted, meaning both Defendant is likely evading service and less likely unwittingly to miss emails or mail attempting to serve her.

## V. CONCLUSION

Plaintiff is permitted to serve Defendant via the Summons, Complaint, and all other required documents in accordance with the Court's Order (Dkt. 6) and Local Rule 4-2 via email at byimagination@gmail.com and lexi@lexilove.com and USPS Certified Mail to 320 Alabama St, Unit 16, San Francisco, California 94110.

**IT IS SO ORDERED**.

Dated: January 16, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER GRANTING EX PARTE MOTION
CASE NO. 25-cv-10837-RS

4