DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
JENNIFER G. KAHN (SBN 336445)
jkahn@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Counter-Defendants
PARAMOUNT SKYDANCE CORPORATION
and WORLD OF WONDER PRODUCTIONS,
INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CODY BARNES, professionally known as LEXI LOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELENA SCOLA,<br><br>　　　　Defendant.<br> | Case No.: 3:25-cv-10837-RS<br><br>Judge: Honorable Richard Seeborg<br><br>**COUNTER-DEFENDANTS PARAMOUNT SKYDANCE CORPORATION AND WORLD OF WONDER PRODUCTIONS, INC.'S MOTION TO DISMISS COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES** |
| SELENA SCOLA, aka LEXI LOVE,<br><br>　　　　Counter-Claimant<br><br>　　v.<br><br>CODY BARNES, an individual; PARAMOUNT SKYDANCE CORPORATION, a Delaware corporation; and WORLD OF WONDER PRODUCTIONS, INC., a California corporation<br><br>　　　　Counter-Defendants. | Date:　　　July 16, 2026<br>Time:　　　1:30 p.m.<br>Courtroom:　　12 – 19th Floor<br><br><br>Complaint filed:　December 19, 2025<br>Counterclaim filed: March 9, 2026 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................7

FACTUAL BACKGROUND..............................................................................8

LEGAL STANDARD ........................................................................................9

ARGUMENT....................................................................................................10

I.   Scola's Trademark-Based Claims Against Counter-Defendants Are Barred By *Rogers v. Grimaldi*...............................................................10

    A.   Scola's Lanham Act Claim Fails Under The *Rogers* Test..................11

        1.   Counter-Defendants' Purported Use of The Lexi Love Mark Is In Connection With An Expressive Work ..................11

        2.   Scola Fails To Establish That Counter-Defendants' Use Of The Lexi Love Mark Had No Artistic Relevance ...............14

        3.   Counter-Defendants Do Not Explicitly Mislead Consumers About The Source Of The Series...........................15

        4.   Counter-Defendants Do Not Use The Lexi Love Mark As A Source Identifier And Therefore The *Rogers* Test Applies ...................................................................................17

    B.   Scola's Unfair Competition Claim Also Fails ....................................18

CONCLUSION.................................................................................................19

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................9, 10

*Betty's Found. For Elimination of Alzheimers Disease v. Trinity
   Christian Ctr. of Santa Ana, Inc.*,
   2022 WL 807391 (9th Cir. Mar. 16, 2022) .......................................................11

*Brown v. Elec. Arts, Inc.*,
   724 F.3d 1235 (9th Cir. 2013) ...................................................................11, 14

*Claybrooks v. ABC, Inc.*,
   898 F. Supp. 2d 986 (M.D. Tenn. 2012) ...........................................................13

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
   983 F.3d 443 (9th Cir. 2020) ...........................................................................15

*E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*,
   547 F.3d 1095 (9th Cir. 2008) ....................................................................passim

*Grier v. Finjan Holdings, Inc. (In re Finjan Holdings, Inc. Sec. Litig.)*,
   58 F.4th 1048 (9th Cir. 2023) .............................................................................9

*Green v. Miss USA, LLC*,
   52 F.4th 773 (9th Cir. 2022) .............................................................................13

*Haas Automation, Inc. v. Steiner*,
   750 F. Supp.3d 1107 (C.D. Cal. 2024)........................................................11, 17

*Hara v. Netflix, Inc.*,
   146 F.4th 872 (9th Cir. 2025).......................................................................passim

*Hara v. Netflix, Inc.*,
   2023 WL 6812769 (C.D. Cal. Aug. 23, 2023) ..................................................15

*Imperial Sovereign Ct. of Montana v. Knudsen*,
   170 F.4th 820, 855 (9th Cir. 2026)....................................................................11

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

*IOW, LLC v. Breus*,
　425 F. Supp. 3d 1175 (D. Ariz. 2019) ................................................................. 18

*Jack Daniel's Props., Inc. v. VIP Prods. LLC*,
　599 U.S. 140 (2023) ............................................................................... 8, 17

*JTH Tax LLC v. AMC Networks Inc.*,
　694 F. Supp.3d 315 (S.D.N.Y. 2023) .................................................................. 18

*Lost Int'l, LLC v. Germanotta*,
　2025 WL 4058219 (C.D. Cal. Dec. 15, 2025) ....................................................... 10

*Mattel, Inc. v. MCA Records*,
　296 F.3d 894 (9th Cir. 2002) ............................................................................ 16

*Moore v. Hadestown Broadway LLC*,
　722 F. Supp. 3d 229 (S.D.N.Y. 2024) .................................................................. 13

*Moroccanoil, Inc. v. Groupon, Inc.*,
　278 F. Supp. 3d 1157 (C.D. Cal. 2017) ................................................................ 18

*Napear v. Bonneville Int'l Corp.*,
　2025 WL 958128 (E.D. Cal. Mar. 31, 2025) .......................................................... 13

*Novalogic, Inc. v. Activision Blizzard*,
　41 F. Supp. 3d 885 (C.D. Cal. 2013) ................................................................... 15

*Pepperdine Univ. v. Netflix, Inc.*,
　2025 WL 632983 (C.D. Cal. Feb. 26, 2025) .......................................................... 17

*Pepperdine Univ. v. Netflix, Inc.*,
　2026 WL 902061 (C.D. Cal. Mar. 31, 2026) .......................................................... 16

*Rogers v. Grimaldi*,
　875 F.2d 994 (2d Cir. 1989) ....................................................................*passim*

*Segal v. Segel*,
　2022 WL 198699 (S.D. Cal. Jan. 21, 2022) ........................................................... 12

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001) ............................................................................. 9

*Stewart Surfboards, Inc. v. Disney Book Group, LLC*,
　2011 WL 12877019 (C.D. Cal. May 11, 2011) ................................................11, 14, 18

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

4

*Twentieth Century Fox TV v. Empire Distrib., Inc.*,
875 F.3d 1192 (9th Cir. 2017) ............................................................... 12, 14, 16

*Yuga Labs, Inc. v. Ripps*,
144 F.4th 1137 (9th Cir. 2025) ............................................................... 17

**Constitutions**

U.S. Const. amend. I .............................................................................*passim*

**Statutes**

15 U.S.C. § 1125(a) ...............................................................................*passim*

Cal. Bus. & Prof. Code § 17200 ...........................................................7

**Court Rules**

Fed. R. Civ. P. 8 ....................................................................................9

Fed. R. Civ. P. 8(a)(2) ...........................................................................9

Fed. R. Civ. P. 12(b)(6) .........................................................................6, 9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 16, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable Richard Seeborg, United States District Judge, Northern District of California, located at 450 Golden Gate Avenue, Courtroom 12, San Francisco, CA 94102, Counter-Defendants Paramount Skydance Corporation ("Paramount") and World of Wonder Productions, Inc. ("WOW" together with Paramount, the "Counter-Defendants") through their attorneys of record, will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Third Claim for Unfair Competition and the Fourth Claim for Contributory Trademark Infringement in Counter-Claimant Selena Scola, aka LEXI LOVE's ("Scola") Counterclaim.

This Motion is made on the grounds that Scola's Counterclaim fails to state a claim against Counter-Defendants upon which relief can be granted, including because:

1.    Scola's Lanham Act claim against Counter-Defendants is barred by the First Amendment protections laid out in *Rogers v. Grimaldi*, as adopted by the Ninth Circuit; and

2.    Scola's Unfair Competition claim against Counter-Defendants is independently barred by the First Amendment protections under *Rogers v. Grimaldi* and fails for the additional reason that it is premised on Scola's barred Lanham Act claim.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities and [Proposed] Order filed concurrently herewith; any additional pleadings that Counter-Defendants may file, and any additional authorities and arguments on which Counter-Defendants may rely in support of this Motion; the pleadings, papers, and other records on file in this action, and on such additional evidence, argument, or other matters that may be presented at or before the hearing on the Motion.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

6

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

**INTRODUCTION**

Defendant and Counter-Claimant Selena Scola, aka LEXI LOVE ("Scola") brings the underlying Counterclaim against Plaintiff and Counter-Defendant Cody Barnes ("Barnes") and Counter-Defendants Paramount Skydance Corporation ("Paramount") and World Of Wonder Productions, Inc. ("WOW" together with Paramount, the "Counter-Defendants") claiming that Barnes' use of the Lexi Love mark – through her drag performances under the name Lexi Love, both on and off of the seventeenth season of the MTV show *RuPaul's Drag Race* ("*Drag Race*") – infringed on Scola's trademark and that Counter-Defendants contributed to the purported infringement by continuing to stream and promote Season 17 of *Drag Race* on their streaming platforms.

Scola asserts two claims against Counter-Defendants based on their producing, airing, and streaming Season 17 of *Drag Race*, and posting content identifying Barnes as Lexi Love, which is her drag name on *Drag Race* – unfair competition under California Business & Professions Code § 17200 and contributory trademark infringement under 15 U.S.C. § 1125(a).

Both of Scola's claims are foreclosed by settled First Amendment protections afforded to expressive works like the television show at issue here – *Drag Race.* Specifically, the two-part test first enumerated in the Second Circuit's seminal *Rogers v. Grimaldi* decision allows Lanham Act (and related) claims to be maintained against expressive works *only* where: (1) the purported use of the plaintiff's mark has "no artistic relevance to the underlying work whatsoever," or (2) the use of the mark "explicitly misleads" consumers that plaintiff is the source or the sponsor of the work. This test, adopted and firmly entrenched in the Ninth Circuit, bars *all* categories of Lanham Act claims that cannot satisfy these elements – whether based on the title, content, or advertising of expressive works.  Scola does not (because she cannot) plead either of these elements.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

Trademarks "tell[] the public who is responsible for a product." *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 146 (2023). Here, *Drag Race*, the series, is the "product" at issue in connection with Scola's claims against Counter-Defendants. First, there is no dispute that *Drag Race* is an expressive work. Cast members in the series – as they are in all creative works – are elements of the overall production, they are not a "source-identifier." The choice to cast individuals in a television series is artistically relevant, and is entitled to First Amendment protection. Second, there is no credible argument that the producers are attempting to mislead the public into believing that Scola, a retired adult film performer, is the "source" of their long-running series.

*Rogers* precludes Scola's claims against the producer and distributor of *Drag Race*, and the Court should dismiss the claims against the Counter-Defendants in their entirety.

## FACTUAL BACKGROUND

*Drag Race* is a popular reality television show on which drag performers compete for the title of "America's Next Drag Superstar." Dkt. 19 ¶ 32.[1] On December 4, 2024, Barnes – as Lexi Love – was announced as a contestant on Season 17 of *Drag Race*. *Id.*

The seventeenth season of *Drag Race* aired from January 3, 2025 through April 18, 2025. *Id.* ¶ 36. Barnes appeared in every episode, as she was one of the final four contestants who made it to the season finale. *Id.* In each episode of *Drag Race*, Barnes performs using her drag name, Lexi Love. *Id.*

Counter-Defendant Paramount aired *Drag Race* on MTV and contemporaneously streamed the season on its Paramount+ platform. *Id.* ¶ 37. Counter-Defendant WOW produced *Drag Race* and also made the season available

---

[1] Unless otherwise stated, references to paragraphs contained in Dkt. 19 refer to the portion of the document reflecting the Counterclaim, which begins on page 16 and continues until page 27.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

to stream on its streaming platform, WOW Presents Plus. *Id.* Counter-Defendants have both posted content to their social media profiles identifying Barnes as Lexi Love. *Id.*

Notably, Scola does not allege that the mark Lexi Love is a part of *Drag Race* in any way other than as a way of identifying one of its cast members. Scola does not plead that she is identified as a producer or otherwise as a source or sponsor of *Drag Race.*

The claims asserted against Counter-Defendants are predicated on their airing, producing, and streaming *Drag Race*, as well as posting content on their social media pages identifying Barnes as one of the cast members appearing in Season 17. *Id.* ¶ 69.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept, and may disregard, unreasonable inferences, conclusory allegations, and legal conclusions. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling." *Grier v. Finjan Holdings, Inc. (In re Finjan Holdings, Inc. Sec. Litig.)*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023).

A complaint must be evaluated in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Twombly*, 550 U.S. at 555 n.3. Rule 8

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

"demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ARGUMENT

**I.     Scola's Trademark-Based Claims Against Counter-Defendants Are Barred By Rogers v. Grimaldi.**

Scola's Lanham Act claim and related state law claim against Counter-Defendants must be dismissed because they are barred by the First Amendment under the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

Traditionally, courts apply a likelihood-of-confusion test to trademark infringement claims.  *Lost Int'l, LLC v. Germanotta*, 2025 WL 4058219, at *3 (C.D. Cal. Dec. 15, 2025).  However, when the alleged infringement involves some aspect of an expressive work, courts will first apply the test created by *Rogers v. Grimaldi* to determine whether the Lanham Act applies.  *Hara v. Netflix, Inc.*, 146 F.4th 872, 877 (9th Cir. 2025) (where the alleged infringement involves a creative work "we employ the *Rogers* test to determine whether the Lanham Act applies").

The *Rogers* test requires the defendant to first "make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." *Id.* at 882.  If the defendant meets this burden, the Lanham Act does not apply **unless** the defendant's use of the mark: (1) is not artistically relevant to the work; or (2) explicitly misleads consumers as to the source or content of the work.[2] *Id.*  Once the defendant shows that *Rogers* applies, the plaintiff "has the burden to show that it satisfies at least one prong of the *Rogers* test to have a viable" claim.

_____

[2] Scola has sued Paramount and WOW for infringement relating to the production and distribution of a television series.  Counter-Defendants' conduct is protected by the First Amendment and, whether they have been sued for direct or contributory infringement, the *Rogers* test applies because Counter-Defendants are being accused of violating the Lanham Act in connection with the use of a purported mark in an expressive work.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

*Betty's Found. For Elimination of Alzheimers Disease v. Trinity Christian Ctr. of Santa Ana, Inc.*, 2022 WL 807391, at \*1 (9th Cir. Mar. 16, 2022).

Courts within this Circuit frequently apply *Rogers* at the motion to dismiss stage. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (there was "no problem with the district court deciding" issues under *Rogers* "in response to a motion to dismiss"); *Betty's Found.*, 2022 WL 807391, at \*1-2 (affirming dismissal of Lanham Act claims where "the operative complaint contain[ed] no factual allegations" to meet either *Rogers* prong); *Haas Automation, Inc. v. Steiner*, 750 F. Supp.3d 1107, 1119 (C.D. Cal. 2024) (granting motion to dismiss and denying leave to amend where plaintiff could "make no additional allegations to avoid the *Rogers* test"). The First Amendment provides the same full defense against Scola's state law claim for unfair competition. *See E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1101 (9th Cir. 2008) ("[T]he First Amendment defense applies equally to [plaintiff's] state law claims as to its Lanham Act claim[.]"); *Stewart Surfboards, Inc. v. Disney Book Group, LLC*, 2011 WL 12877019, at \*8 (C.D. Cal. May 11, 2011) ("The Ninth Circuit has made clear that the *Rogers* test applies . . . to state-law unfair competition claims[.]").

### A.   Scola's Lanham Act Claim Fails Under The Rogers Test.

#### 1.   Counter-Defendants' Purported Use of The Lexi Love Mark Is In Connection With An Expressive Work.

*Drag Race* is an expressive work that easily clears the threshold requirement for application of the *Rogers* test. The Ninth Circuit has found that drag performances and television shows are expressive works. *See Imperial Sovereign Ct. of Montana v. Knudsen*, 170 F.4th 820, 855 (9th Cir. 2026) ("Performing or expressing a particular persona is indistinguishable from performing a character in a play or film or competing in a beauty pageant, all of which is undoubtedly purely expressive activity."); *see also Rogers*, 875 F.2d at 997 ("Movies, plays, books, and songs are all indisputably works of artistic expression and deserve protection."); *Twentieth Century*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

*Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017) (a "television show itself is clearly an expressive work, as are the associated songs and albums") (internal citation omitted).  Further, courts have consistently recognized that the use of marks in expressive works, such as television shows like *Drag Race*, is protected by the First Amendment.  *See E.S.S. Ent. 2000, Inc.*, 547 F.3d at 1099 (First Amendment is implicated when a mark is used in the body of an expressive work); *Segal v. Segel*, 2022 WL 198699, at *15-16 (S.D. Cal. Jan. 21, 2022) (explaining that there are First Amendment concerns when the allegedly infringing use is in the title or body of an expressive work).

Because Counter-Defendants' purported use of the Lexi Love mark is limited to use within a television show and other associated uses, it is protected by the First Amendment and the *Rogers* test applies.

In fact, Scola's allegations in her Counterclaim make clear that Counter-Defendants' supposed use of the Lexi Love mark is in connection with an expressive work, further supporting application of the *Rogers* test.  *See* Dkt. 19 ¶ 4 ("In 2025, Barnes appeared on Season 17 of the popular reality television show *RuPaul's Drag Race* ('*Drag Race*') under the name Lexi Love."); *id.* ¶ 37 ("Every week from January 2, 2025, to April 18, 2025, Paramount aired *Drag Race* on MTV…It contemporaneously made the entire season streamable on its streaming platform, Paramount+. WOW produced *Drag Race* and also made the entire season and related *Drag Race* content streamable on its streaming platform, WOW Presents Plus."); *id.* ¶ 43 ("Both companies [Paramount and WOW] continue to make Season 17 of *Drag Race* streamable on their respective streaming services and to post content on social media identifying Barnes as Lexi Love.").

Furthermore, not only is the work, i.e. *Drag Race,* itself expressive and protected by the First Amendment, but Counter-Defendants' choice to cast Barnes as Lexi Love on *Drag Race*, supports application of the *Rogers* test.  It is well settled that casting and selection decisions are protected speech under the First Amendment.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

*Green v. Miss USA, LLC*, 52 F.4th 773, 788 (9th Cir. 2022) ("Miss United States of America expresses its message in part through whom it chooses as its contestants, and the First Amendment affords it the right to do so.").  As the Eastern District of California court in *Napear v. Bonneville Int'l Corp.*, stated recently:

> The few courts to have been called upon to address First Amendment protections for casting decisions made in the producing of a creative work have universally found that where "regulating the casting process necessarily regulates the end product … casting and the resulting work of entertainment are inseparable and must *both* be protected to ensure that the producers' freedom of speech is not abridged."

2025 WL 958128, at *7 (E.D. Cal. Mar. 31, 2025) (emphasis in original); *see also Moore v. Hadestown Broadway LLC*, 722 F. Supp. 3d 229, 258 (S.D.N.Y. 2024) (explaining that a casting decision "clearly implicates Defendant's exercise of its creative expression and artistic decisions" and therefore the First Amendment); *Claybrooks v. ABC, Inc.*, 898 F. Supp. 2d 986, 999 (M.D. Tenn. 2012) ("[T]he Shows' casting decisions are part and parcel of the Shows' creative content, which the plaintiffs seek to reform. That is plainly an attempt to regulate the content of the Shows, which the First Amendment forbids.").

Counter-Defendants' production of a television show and inclusion of a drag performer named "Lexi Love" in *Drag Race* is clearly and unequivocally protected by the First Amendment and therefore cannot amount to trademark infringement, either directly or contributorily.[3]

Therefore, the *Rogers* test applies, and the burden shifts to Scola to demonstrate that Counter-Defendants' purported use of the Lexi Love mark has no artistic relevance to *Drag Race* or that Counter-Defendants explicitly mislead consumers as to the source or content of *Drag Race*.

[3] To the extent that Scola argues that promotional activities relating to *Drag Race* are not protected, she is wrong.  The Ninth Circuit has made clear that marketing and promotional activities relating to an expressive work, just like the work itself, are subject to First Amendment protection.  *Hara*, 146 F.4th at 882 (holding that "promotional activities, even those that produce revenue, are auxiliary to the work itself" and are protected by the First Amendment).

**2.      Scola Fails To Establish That Counter-Defendants' Use Of The Lexi Love Mark Had No Artistic Relevance.**

Under the first prong of the *Rogers* test, in determining whether the use of the trademark or other identifying material has any artistic relevance to the underlying work, "[t]he bar is set low: 'the level of relevance merely must be above zero.'" *Twentieth Century Fox TV*, 875 F.3d at 1198; *see Brown*, 724 F.3d at 1243 ("This black-and-white rule has the benefit of limiting our need to engage in artistic analysis in this context."). Thus, "only the use of a trademark with '*no* artistic relevance to the underlying work *whatsoever*' does not merit First Amendment protection." *E.S.S. Ent. 2000, Inc.*, 547 F.3d at 1100 (emphasis in original); *see also Stewart Surfboards, Inc*, 2011 WL 12877019, at *5 ("For this reason, only minimal artistic relevance— enough relevance to satisfy the Court that a use of a trademark is truly expressive, as opposed to a commercial use that simply uses the mark to exploit its publicity value— is necessary to satisfy the first *Rogers* prong.").

Here, it is clear that Counter-Defendants' casting decisions for Season 17 of *Drag Race* were artistically relevant. In particular, *Drag Race* is a reality competition show where drag queens compete for the title of "America's Next Drag Superstar" and a cash prize. Dkt. 19 ¶ 32. Barnes, as Lexi Love, is a drag queen and model who was cast and competed on Season 17 of *Drag Race*. Dkt. 19 ¶¶ 3-4. The decision to cast Barnes on *Drag Race* as Lexi Love has artistic relevance to the underlying work since the show would have been fundamentally different with a different cast member. The selection of contestants is one of the most fundamental creative and artistic choices a producer makes when developing a show. Casting decisions shape the narrative arc, dramatic tension between cast members, audience engagement, and overall entertainment value of the program. Casting determines the dramatic story that the show tells, and casting decisions are inseparable from the show's creative content and narrative.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

Because Counter-Defendants' choice to cast Barnes on Season 17 of *Drag Race* was artistically relevant, Scola cannot satisfy the first prong of the *Rogers* test. *See Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 900 (C.D. Cal. 2013) (finding that the use of the mark "easily met the artistic relevance requirement under *Rogers* because their use is not wholly unrelated to the content of the work"); *see also Rogers*, 875 F.2d at 1001 ("the title 'Ginger and Fred' surpasses the minimum threshold of artistic relevance to the film's content [because] [t]he central [fictional] characters in the film are nicknamed 'Ginger' and "Fred,' and these names are not arbitrarily chosen just to exploit the publicity value of their real life counterparts but instead have a genuine relevance to the film's story").

### 3. Counter-Defendants Do Not Explicitly Mislead Consumers About The Source Of The Series.

Under the second prong of the *Rogers* test, the creator of the expressive work can be subject to a Lanham Act claim if the creator uses the mark or material **to explicitly mislead** consumers as to the source or content of the work. *Hara*, 146 F.4th at 883. The relevant question "is whether there was 'an explicit indication, overt claim, or explicit misstatement about the source of the work.'" *Id.* An implicit suggestion of endorsement is insufficient. *See Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (defendant ComicMix's book was "not explicitly misleading as to its source, though it uses the Seussian font in the cover, the Seussian style of illustrations, and even a title that adds just one word—*Boldly*—to the famous title—*Oh, the Places You'll Go!*"); *Hara v. Netflix, Inc.*, 2023 WL 6812769, at *4 (C.D. Cal. Aug. 23, 2023) (noting that "allegations regarding 'the impact of the use'" – like leaving viewers with the mistaken impression that the plaintiff endorsed the series – "are insufficient to show that a content creator explicitly mislead consumers").

Scola does not (and cannot) allege that Counter-Defendants explicitly misled consumers about the source or content of *Drag Race*. Scola does not point to anything

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

showing that Counter-Defendants explicitly (or even implicitly) suggest that *Drag Race* is related to Scola in any way. *See E.S.S. Ent. 2000, Inc.*, 547 F.3d at 1100-01 (rejecting trademark infringement claim against creator of video game, and holding that "[a] reasonable consumer would not think a company that owns one strip club in East Lost Angeles, which is not well known to the public at large, also produces a technologically sophisticated video game like San Andreas"); *see also Twentieth Century Fox TV*, 875 F.3d at 1199 ("As 'the use of a mark alone is not enough to satisfy this prong of the *Rogers* test,' Fox's *Empire* show, which contains no overt claims or explicit references to Empire Distribution, is not explicitly misleading...") (internal citation omitted); *Mattel, Inc. v. MCA Records*, 296 F.3d 894, 902 (9th Cir. 2002) ("The *only* indication that Mattel might be associated with the song is the use of Barbie in the title; if this were enough to satisfy this prong of the *Rogers* test, it would render *Rogers* a nullity.") (emphasis in original).

Scola only argues that her mark is confused with Barnes' work as Lexi Love. Dkt. 19 ¶¶ 39-40, 49. This is not enough to establish that use of Lexi Love by Counter-Defendants is explicitly misleading. The Ninth Circuit's discussion of this issue in *Hara* is directly on point:

> Vox alleges that her family, friends, fellow drag performers, and fans contacted her "express[ing] confusion and concern about her connection with" *Q-Force*. Accepting her allegations as true, these allegations are insufficient to satisfy the second prong of *Rogers*. As we explained in *Brown*, "[t]o be relevant, evidence must relate to the nature of the behavior of the identifying material's user, not the impact of the use." . . . [T]he allegations fail to demonstrate an "explicit indication," "overt claim," or "explicit misstatement" by Defendants regarding *Q-Force*'s relationship with Vox.

146 F.4th at 884. The same analysis applies here. Scola cannot meet the heightened burden set forth by *Rogers*, and therefore the Lanham Act does not apply and Scola cannot succeed on her infringement claim against Counter-Defendants.

The Court should dismiss Scola's claims against Counter-Defendants. *See Pepperdine Univ. v. Netflix, Inc.*, 2026 WL 902061, at *7 (C.D. Cal. Mar. 31, 2026) (dismissing Lanham Act claims under the *Rogers* test when the "use of the [] mark is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

artistically relevant" and it "does not explicitly mislead consumers as to the source of the content of the work").

### 4.   Counter-Defendants Do Not Use The Lexi Love Mark As A Source Identifier And Therefore The Rogers Test Applies.

The *Rogers* test has been held to be inapplicable in limited situations when the defendant is using the name or mark at issue as a "source identifier." *See Jack Daniel's Props., Inc.*, 599 U.S. at 145 (explaining the *Rogers* test "is not appropriate when the accused infringer has used a trademark to designate the source of its own goods"). Under the Lanham Act, source identifiers function to indicate the source of goods, and to distinguish them from ones manufactured or sold by others. *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1166 (9th Cir. 2025). A mark is not used as a source identifier when it is "used not to designate a work's source, but solely to perform some other expressive function." *Hara*, 146 F.4th at 879.

Scola has not argued – because she cannot – that Counter-Defendants' use of the Lexi Love mark was as a source identifier. Counter-Defendants merely display Lexi Love as the drag name of a single contestant on the television show that they produce and promote. Here it is very clear that the product at issue – *Drag Race* – is produced by Counter-Defendant World of Wonder (in fact, every episode begins by noting that Drag Race is "A World of Wonder production"). Counter-Defendants do not use the Lexi Love mark as a trademark, or for any other purpose than identifying a contestant on their show, and Scola does not allege otherwise. *See Haas Automation, Inc.*, 750 F. Supp.3d at 1118 ("[H]ere, the use of the Haas Marks is not used to tell the consumer who published the book or the source of the book. Defendants do not use the Haas name as the title, publisher name, or as a source identifying moniker . . ."); *Pepperdine Univ. v. Netflix, Inc.*, 2025 WL 632983, at *4 (C.D. Cal. Feb. 26, 2025) ("Here, Defendants are not using the Waves Marks as source identifying marks. Defendants' only product at issue is the *Running Point* series, and there is no showing that Defendants have suggested that Pepperdine is the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

source of the series."); *see also JTH Tax LLC v. AMC Networks Inc.*, 694 F. Supp. 3d 315, 333 (S.D.N.Y. 2023) (explaining that the mark was not used "to identify the source" of the television show or any of the defendants' products, and therefore found that the defendants had not used the marks "as their own identifying trademark") (internal quotation omitted).

Because Counter-Defendants' use of the name Lexi Love is simply in connection with the identity of a cast member in a television series – not to identify the source of the series itself – which is created and produced by Counter-Defendants, such "use" does not constitute a "trademark use" as it is not source identifying, and the *Rogers* test applies.

Scola cannot overcome the protections granted by the First Amendment and therefore her infringement claim against Counter-Defendants must be dismissed.

### B.    Scola's Unfair Competition Claim Also Fails.

As noted above, the First Amendment provides the same full defense against Scola's state law claim for unfair competition. *E.S.S. Entm't 2000, Inc.*, 547 F.3d at 1101 ("[T]he First Amendment defense applies equally to [plaintiff's] state law claims as to its Lanham Act claim[.]"); *IOW, LLC v. Breus*, 425 F. Supp. 3d 1175, 1195 (D. Ariz. 2019) ("The Ninth Circuit has made clear that the *Rogers* test applies [equally] to trademark infringement claims under [the Lanham Act], and to state-law unfair competition claims."); *Stewart Surfboards*, 2011 WL 12877019, at *8 ("The Ninth Circuit has made clear that the *Rogers* test applies . . . to state-law unfair competition claims[.]").

Moreover, Scola's unfair competition cause of action against Counter-Defendants is based on – and relies entirely upon – Scola's contributory infringement claim against Counter-Defendants. Because Scola failed to plead her contributory infringement claim against Counter-Defendants – as established above – she cannot plead her unfair competition claim. *See Moroccanoil, Inc. v. Groupon, Inc.*, 278 F. Supp. 3d 1157, 1161 (C.D. Cal. 2017) ("When trademark and unfair competition

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS

claims are based on the same infringing conduct, courts apply the same analysis to both claims.").

## CONCLUSION

For the foregoing reasons, Counter-Defendants respectfully request that Scola's third and fourth causes of action against them in her Counterclaim be dismissed with prejudice.

Dated: May 29, 2026

LOEB & LOEB LLP
DAVID GROSSMAN
JENNIFER G. KAHN


By: ___/s/ David Grossman_____
        David Grossman
        Attorneys for Counter-Defendants

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19

MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:25-CV-10837-RS